UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-3290-B |
| | § | |
| YONGE, YONGE & FOOSHEE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Yonge, Yonge & Fooshe's Motion to Transfer Venue (doc. 15), filed June 1, 2012. For the reasons stated below, the Court **DENIES** the Defendant's Motion.

### I.

### BACKGROUND

This action arises from a disputed property insurance claim for two buildings in Abilene, Texas. Pl. Fir. Am. Comp. ¶1. Plaintiff Century Surety Company ("Century") insured the buildings in question owned by Defendant Yonge, Yonge & Fooshee ("Yonge") for damage resulting from a covered loss under policy number 01CCP675528 ("the Policy"). *Id.* at ¶8. On April 24, 2011 there was a hail storm in Abilene that caused the alleged damage to the two buildings. Def. Mem. in Supp. ¶24. Both Century and Yonge hired adjusters to investigate the damage to the roofs. Pl. Fir. Am. Comp. ¶¶9, 10. Yonge hired Rickey Conradt, who offices in Cleburne, Texas, to inspect the roof. Pl. Br. in Supp. ¶4. Century hired their own adjuster and engineer before denying the claim outright. *Id.*

In response to the denial of coverage, Yonge demanded an appraisal of the damage. Pl. Fir. Am. Comp. ¶10. Pursuant to the procedures provided in the Policy, each party hired an additional appraiser. Pl. Br. in Supp. ¶5. Yonge appointed Robert Taylor, who offices in Dallas, Texas, and Century appointed Chuck McCool who offices 90 miles from Dallas in Tyler, Texas. *Id.* Mr. Taylor and Mr. McCool then agreed on John "Robby" Roberson as the umpire, who offices in Odessa, Texas. *Id.*

Yonge's appraisal performed by Mr. Taylor reflected a cost to repair of over $250,000 for the two buildings. In stark contrast, Century's appraiser, Mr. McCool, determined there to be less than $2,000 worth of repairs necessary. Pl. Br. in Supp. ¶7. Mr. Roberson, in his capacity as umpire, issued an Appraisal Award of just less than $110,000 for the two buildings. Def. Mem. in Supp. ¶7. Century has not paid the award and instead filed the present action for Declaratory Judgment that Yonge has failed to comply with the appraisal provision in the insurance policy, that the appraisal award in question is void, and that the damage sustained to the two buildings is not covered under the policy. Pl. Fir. Am. Comp. ¶2.

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division where the action could have been brought originally, provided the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007). To meet this burden, the movant

must first prove that the plaintiff could have originally filed his complaint in the transferee venue. *In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.'" *In re Volkswagen*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If the transferee venue "is no more convenient than the chosen [venue], the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *In re Volkswagen*, 545 F.3d at 315.

### III.

### ANALYSIS

Defendant Yonge seeks transfer of this action to the Abilene Division of the Northern District of Texas, United States District Court, pursuant to 28 U.S.C. §1404(a). The threshold question is whether the asserted claims could have been brought in the Abilene Division. *In re Volkswagen*, 545 F.3d at 312. The Court finds that these claims could have been filed in the Abilene Division of the Northern District of Texas, as the insured property lies in Abilene and the underlying damage also occurred in Abilene. *See In re Volkswagen*, 545 F.3d at 312. Thus, the Court moves to the multi-factor analysis explained above to determine if Defendant Yonge has shown good cause as to why the action should be transferred. *Id.*

Yonge claims that the totality of public and private interest factors weigh in favor of transfer to the Abilene Division. Def. Mem. in Supp. ¶12. Plaintiff Century opposes the transfer of venue, stating that Defendant Yonge has failed to establish good cause justifying transfer to the Abilene Division. Pl. Resp. ¶1. The Court will now analyze the requested transfer according to the private and public interest factors set out by *In re Volkswagen*, 545 F.3d at 315.

A.   *Private Factors*

    i.   <u>Cost of Attendance for Witnesses</u>

Defendant Yonge insists that witnesses will suffer significant monetary and personal costs if required to travel the 184 miles separating Dallas and Abilene. Def. Mem. ¶19. Nonetheless, Yonge only names umpire Roberson, who resides in Odessa, Texas and Michael Wheeler, who resides in Abilene, as witnesses that would be forced to travel a greater distance to the courthouse in Dallas than to the courthouse in Abilene. Def. Mem. ¶20.

Plaintiff Century points out that Defendant's appraiser Robert Taylor and Defendant's initial adjuster Rickey Conradt both maintain offices within the Dallas Division. Pl. Resp. ¶¶15, 16. Plaintiff Century also argues Dallas is more convenient for its other witnesses, including David Teasdale who offices in Irving, Texas only 17.8 miles from the Dallas Courthouse. Pl. Resp. ¶17. Plaintiff also anticipates calling Chuck McCool who will have to travel either 281 miles to Abiline's Courthouse or only 100 miles to the Dallas Courthouse. *Id.* at ¶18.

The Court finds that the cost of witness attendance in Dallas, the Plaintiff's chosen forum, is not substantially greater than the cost of witness attendance in Abilene. Therefore, this factor weighs in favor of maintaining venue in the Dallas Division.

ii.  Access to Sources of Proof

Defendant Yonge restates its argument regarding witnesses Roberson and Wheeler as sources of proof located more conveniently to Abilene. Def. Mem. ¶¶16, 17. Defendant also argues that because the actual property in question lies in Abilene, the Abilene Division is more appropriate. *Id.* at ¶16. Defendant makes no claim that a visit to the property may be warranted, nor is there any claim that any required documentation would be more difficult to bring to the courthouse in Dallas than to the courthouse in Abilene.

Plaintiff Century argues that documentary evidence to support the qualifications of both parties' appraisers and the umpire is located in the Dallas area. Pl. Resp. ¶23. Century also argues that the damaged buildings' location in Abilene is not controlling because the actual damage is only a part of this action. *Id.* at ¶24. Further, the damage to the buildings will most likely be shown through documents and witness testimony, both of which are easily accessible in Dallas. *Id.* at ¶24.

The Court finds that while the location of the damaged buildings in Abilene does carry some weight, the fact that any damage would be shown through documents and witness testimony negates any advantage the physical location may carry for Defendant. Thus, as to access to sources of proof, Dallas offers a more convenient location for the greater number of witnesses and therefore this factor supports maintenance of the action in the Dallas Division.

    iii.    <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

Defendant Yonge argues that because Roberson and Wheeler both reside outside of a 100 mile radius from Dallas and are not parties to the suit their subpoenas are susceptible to being quashed if the trial is held in Dallas. Def. Mem. ¶21 (citing Fed. R. Civ. P. 45(c)(3)(B)(iii)). But Plaintiff Century counters this argument by stating that if trial were held in Abilene, then trial subpoenas for Mr. Taylor, Mr. Conradt, Mr. Teasdale, and Mr. McCool could all be quashed by the same logic. Pl. Resp. ¶21.

It appears that some witness travel will be required regardless of venue in Dallas or Abilene. Further, in terms of the availability of compulsory process to secure witness attendance, Dallas is more conveniently situated and therefore this factor weighs in favor of the Dallas Division.

    iv.    <u>All Other Practical Problems</u>

The parties have not raised any other practical problems aside from those already discussed and thus the Court does not weigh this factor.

    B.    *Public Factors*

    i.    <u>Administrative Difficulties</u>

Defendant concedes that the administrative difficulties between the Dallas and Abilene divisions are neutral. Def. Mem. ¶23. Thus, the Court does not weigh this factor.

ii.   Local Interest

Defendant Yonge argues that the citizens of the Abilene Division have a localized interest in the damaged buildings, hailstorm, and the witnesses that reside in the Abilene area. Def. Mem. ¶24. Plaintiff counters that the case is about the Defendant's selection of a its appraiser in addition to the alleged damage. Pl. Resp. ¶26. Plaintiff further points out that Defendant's own appraiser is located in Dallas. *Id.*

The Court finds that the local interest in this case narrowly favors the Abilene Division, as the location of the damaged buildings and the citizens that endured the storm are better suited to adjudicate this matter. Thus, the local interest factor favors transfer to the Abilene Division.

iii.   Familiarity with Governing Law

Defendant Yonge concedes there is no issue of familiarity with governing law separating the Dallas and Abilene Divisions. Def. Mem. ¶23. Thus, the Court does not weigh this factor.

iv.   Avoidance of Unnecessary Conflict of Laws

Defendant Yonge concedes there is no issue of conflict of laws and the application of foreign law is irrelevant. Def. Mem. ¶23. Thus, the Court does not weigh this factor.

**IV.**

**CONCLUSION**

Weighing the factors in this case, the Court finds that Defendant has failed to satisfy its burden of showing that the Northern District of Texas, Abilene Division would be "clearly more convenient." *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court **DENIES** Defendant Yonge, Yonge, & Fooshee's Motion to Transfer Venue (doc. 15).

**SO ORDERED.**

DATED September 12, 2012

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE